[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
The above caption of this case is used because that is the manner in which this file appears in the court's index. In an amended complaint, the name of the plaintiff was corrected to read "Guillermo Papier-Meister d/b/a The Lardner Clark Company".
The action concerns certain repair work performed on premises owned by the named defendant. The contract for the work was executed by the named defendant and her husband, Zegir Berisha. Foreclosure of a mechanic's lien is sought as well as a deficiency judgment and a catch-all claim for such other and further relief as the plaintiff may be entitled to. For reasons that escape me the Administrator of the U.S. Small Business Administration was joined as a party defendant although no allegations are made in the complaint against the Administration and the only interest in these proceedings that it has is a mortgage on the premises that admittedly has priority over any interest of the plaintiff.
On March 10, 1990, the plaintiff entered into a contract with the Berishas to install vinyl siding over insulating board, replace 41 windows and install new gutters and downspouts at a price of $23,000. He completed the work by the end of April and at that time he gave the Berishas a written guarantee concerning his work. To date he has been paid nothing. One gutter was improperly pitched with the result that water backed up instead of draining to the downspout. Correction would require only minimal expense. Sometime after installation, wind blew off some of the siding and some of the insulating board that had been under the siding. A pipe carrying the electric service into the building separated from the wall and leaned. Correction would involve a new clamp to hold it in place, again at minimal expense. The plaintiff did not live up to his guarantee in fixing these problems but his excuse was that he had been paid nothing for his work although there were no problems with the overwhelming majority of it. The defendants interposed as a special defense that the job was not performed in a workmanlike manner and they also counterclaimed for repair work although they introduced no evidence as to the cost of repairs. I find as a fact that the CT Page 6224 plaintiff was ready, willing and able to make the necessary repairs and the only reason he did not do so was that he had not been paid. If he had been paid and done the repairs, it would have entailed some amount of expense on his part and as he was saved this, the defendants are entitled to a credit for this, but in the absence of any proof of the cost, all they are entitled to is a nominal amount which I set at $100.
The defendants attempt to make much of a claim that siding was applied so as to cover over a decorative facade. I accept the plaintiff's claim that such work is regarded in the trade as trim that came within the scope of the contract. I give no credence to their claim that they protested this work being done. If there had been a protest, it is ludicrous to believe that the plaintiff would have gone ahead and done work he didn't have to do, and particularly when that work was at the highest, and therefore the most dangerous, part of the job, I further find that from their actions and from the testimony at trial, that their credibility leaves much to be desired.
Although this is an action for the foreclosure of a mechanic's lien, no evidence was introduced as to the value of the premises. At the conclusion of the trial, the plaintiff abandoned that claim.
Judgment may enter for the defendant United States of America, and for the plaintiff against the Berishas for the contract price less the credit above noted, that being $22,900, costs to be taxed.
J. HEALEY, STATE TRIAL REFEREE